UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:16-cr-0251 TWP-MJD |
| CHRISTIAN MORALES, | ) | -3 |
| | ) | |
| Defendant. | ) | |

## AMENDED PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and, Michelle P. Brady, Assistant United States Attorney ("the Government"), and the defendant, Christian Morales ("the defendant"), in person and by counsel, Charles C. Hayes, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charges

1.    **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Third Superseding Indictment (hereinafter, Indictment):

a.    Count One, which charges that the defendant committed the offense of conspiring to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation

of Title 21, United States Code, Sections 841 and 846. The offense is punishable by a maximum sentence of between ten years and life imprisonment, a $10,000,000 fine, and no less than five years' supervised release following any term of imprisonment. To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt: (1) a conspiracy to possess with intent to distribute and to distribute methamphetamine existed; and (2) defendant knowingly joined that conspiracy.

              b.      Count Twelve, which charges the defendant with conspiring to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(h). The maximum penalties for this offense are up to twenty years imprisonment, a fine of up to $500,000, and a period of supervised release of up to three years. The elements of this offense are: (1) a conspiracy to launder monetary instruments existed; and (2) defendant knowingly joined this conspiracy.

**Part 2:  General Provisions**

    2.      **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by  pleading

2

"Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

3.    **Sentencing Court Not Bound by Guidelines or Recommendations:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

4.    **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

5.    The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

6.    **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

3

7.     **Rights Under Rule 11(b), Fed. R. Crim. P.:**   The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.   The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.   The defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.   The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

8.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.   The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

9.     **Supervised Release:**   Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

10.     **Conditions of Supervised Release:**   The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.   The parties reserve the right to present evidence and arguments concerning these conditions.

## Part 4:  Monetary Provisions and Forfeiture

11.    **Mandatory Special Assessment:**  The defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

12.    **Obligation to Pay Financial Component of Sentence:**  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## Part 5:  Factual Basis for Guilty Plea

13.    The parties stipulate and agree that the following facts establish a factual basis for the defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government

5

would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

        a.      Investigation into the conspiracy charged at Count One of the Indictment commenced in early 2016, culminating in the court authorized intercept of numerous phones, including two cell phones used by Jose ZAMUDIO (hereinafter, Target Phones 6 and 10). Investigation revealed that Jose ZAMUDIO distributed numerous pounds of methamphetamine and kilograms of cocaine to individuals in Indianapolis, including to individuals such as Jeremy PERDUE, Jeffrey RUSH, and Adrian BENNETT. During the course of the charged conspiracy, Christian MORALES was intercepted on a number of occasions over Target Phones 6 and 10 coordinating with Jose ZAMUDIO to distribute those controlled substances. Intercepts over ZAMUDIO's phone in the course of this investigation have demonstrated that when ZAMUDIO was unavailable, MORALES handled the drug trafficking activity. For example, on October 12, 2016, Jose ZAMUDIO was ill, and his girlfriend Maria GONZALEZ was answering calls on Target Phone 6 on his behalf. In a call that occurred at approximately 11:37 a.m. on that date, an unknown male, who was located in Mexico and was a source of supply for ZAMUDIO (hereinafter, the UM), attempted to call Jose ZAMUDIO. When GONZALEZ answered, she told the UM that she would put "Christian (MORALES)" on the phone, as he is in charge of things right now until Jose (ZAMUDIO) "recovers." MORALES then got on the phone, and when the UM asked who would be going to Chicago, MORALES responded it would be him. The purpose of the trip to Chicago that was then being discussed was to pick up controlled substances from a truck that was arriving in Chicago. There had been previous conversations between the UM and Jose ZAMUDIO about this truck, whose driver did not want to stop directly in Indianapolis.

    b.  At approximately 7:50 p.m. on October 29, 2016, Jose ZAMUDIO sent MORALES the following intercepted text message: "Cousin, if you can, call the black guy and tell him that you will call him when the work is ready. Thank you. I'm going to go to sleep, I feel really sick." In this text message, ZAMUDIO was asking MORALES to call Adrian BENNETT, and let BENNETT know that he would be receiving a call when the controlled substances (the "work") was available for him to receive. Not receiving a reply to this message, ZAMUDIO then called MORALES, but a female answered, telling Jose ZAMUDIO that "Christian (MORALES)" was driving, and therefore couldn't talk. In this call, ZAMUDIO relayed again that he wanted MORALES to call, "the black guy (BENNETT)," and tell him (BENNETT) that he'll be receiving a call when "the work (controlled substances) is ready."

    c.  From on or about November 24, 2015 to on or about November 17, 2016, ZAMUDIO, GONZALEZ, MORALES and others also conspired to launder drug proceeds. In particular, they conspired to knowingly conduct financial transactions with drug proceeds designed to conceal the nature, source, location, ownership or control of the proceeds in violation of 18 USC 1956(a)(1)(B)(i). ZAMUDIO, GARCIA, MORALES and others utilized InterCambio Express, MoneyGram and Western Union to wire drug proceeds from Indiana to Mexico and California. The wires were sent to numerous nominee names provided by the drug trafficking organization in Mexico. ZAMUDIO, GONZALEZ, and MORALES sent wires using their own names, variations of their own names, fake names and nominee names. ZAMUDIO, GONZALEZ and others jointly wired no less than $158,813 in drug proceeds to Mexico and California from November 24, 2015 through November 16, 2016. ZAMUDIO, GONZALEZ, MORALES and others deposited, or caused to be deposited, drug proceeds into bank accounts in Indianapolis, Indiana that were quickly followed by withdrawals from accounts based in Arizona or California. GONZALEZ's intent in conducting these financial transactions (which transactions involved

drug proceeds), was to conceal or disguise the nature, location, source, ownership or control of the proceeds of the drug trafficking activity.

        d.    On November 16, 2016, Christian MORALES was in a vehicle driving to northern Indiana when he was stopped by law enforcement. MORALES' vehicle contained $40,000 in drug proceeds from the charged conspiracy, which were owned by ZAMUDIO, and were being knowingly transported by MORALES to an individual in northern Indiana, for ultimate transport by the source of controlled substances back to the southwest border between the United States and Mexico. MORALES also possessed a firearm in the vehicle on this occasion that he was transporting the drug proceeds.

### Part 6:  Other Conditions

    **14.**    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

    **15.**    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

    **16.**    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7:  Sentencing Guideline Stipulations

17.     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a.      Base offense level: 34 (more than five kilograms of a mixture or substance creating a detectable amount of methamphetamine, USSG Section 2D1.1);

b.      Increase of two levels, based upon the possession of a firearm [USSG Section 2D1.1(b)(1)];

c.      Increase of two levels [Section 2S1.1(b)(1)(B)];

d.      Decrease of three levels for acceptance of responsibility.  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a three level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.

e.      The parties agree that a sentence at the low end of the above set-forth advisory guidelines is the appropriate sentence, and one that achieves the sentencing objectives of 18 U.S.C. 3553.

## Part 8:  Waiver of Right to Appeal

**18.**    **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**19.**    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal.  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

**20.**    **No Appeal of Supervised Release Term and Conditions**:  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised

release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

21.    The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

22.    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Immigration Consequences

23.    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

11

## Part 11: Statement of the Defendant

**24.**    By signing this document, the defendant acknowledges the following:

a.    I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

b.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.    I have read the entire Plea Agreement and discussed it with my attorney.

d.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.    I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.    I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.    I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.    I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.    My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k.    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l.    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in

13

computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12:  Certificate of Counsel

**25.**     By signing this document, the defendant's attorney and counselor certifies as follows:

a.       I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

b.       To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

c.       The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

d.       In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.       In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13:  Final Provision

**26.**     **Complete Agreement:**   The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to

14

induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

3/11/2018
DATE

Michelle P. Brady
Assistant United States Attorney

3/11/2018
DATE

for Barry D. Glickman
Dep.Chief, Drug and Violent Crime Unit

3-7-18
DATE

Christian Morales
Defendant

3 - 7- 18
DATE

Charles C. Hayes
Counsel for Defendant

15